**EXHIBIT "A"**

# Case Number Result Page

### Nez Perce

### 1 Cases Found.

**Mia Kay Sonneck, etal. vs. Society of Jesus Oregon Province, etal.**

Case: CV-2009-0000156    District   Filed: 01/20/2009   Subtype: Other Claims    Judge: Jeff M. Brudie    Status: Pending

Defendants: Roman Catholic Diocese of Boise  Society of Jesus Oregon Province
Plaintiffs: Sena, Alberta  Skalicky, Dorothea A  Sonneck, Mia Kay

Register of actions:

| Date | |
|---|---|
| 01/20/2009 | New Case Filed-Other Claims |
| 01/20/2009 | Plaintiff: Sonneck, Mia Kay Attorney Retained Leander L James |
| 01/20/2009 | Plaintiff: Sonneck, Mia Kay Attorney Retained Andrew Chasan |
| 01/20/2009 | Plaintiff: Sonneck, Mia Kay Attorney Retained Timothy Walton |
| 01/20/2009 | Plaintiff: Sena, Alberta Attorney Retained Leander L James |
| 01/20/2009 | Plaintiff: Sena, Alberta Attorney Retained Andrew Chasan |
| 01/20/2009 | Plaintiff: Sena, Alberta Attorney Retained Timothy Walton |
| 01/20/2009 | Plaintiff: Skalicky, Dorothea A Attorney Retained Leander L James |
| 01/20/2009 | Plaintiff: Skalicky, Dorothea A Attorney Retained Andrew Chasan |
| 01/20/2009 | Plaintiff: Skalicky, Dorothea A Attorney Retained Timothy Walton |
| 01/20/2009 | Complaint Filed |
| 01/20/2009 | Summons Filed/Society of Jesus, Oregon Province |
| 01/20/2009 | Summons Filed/Roman Catholic Diocese of Boise |
| 01/20/2009 | Filing: A - Civil Complaint for more than $1,000.00 Paid by: James Vernon and Weeks Receipt number: 0328151 Dated: 1/20/2009 Amount: $88.00 (Check) For: Sonneck, Mia Kay (plaintiff) |
| 02/13/2009 | Defendant Society of Jesus, Oregon Province's Motion to Dismiss (Mia Sonneck) |
| 02/13/2009 | Defendant Society of Jesus, Oregon Province's Motion to Make a More Definite and Certain (Alberta Sena and Dorothea Skalicky) |
| 02/13/2009 | Memorandum in Support of Defendant Society of Jesus, Oregon Province's Motion to Dismiss (Mia Sonneck) |
| 02/13/2009 | Filing: I7 - All Other Cases Paid by: Greener Burke Shoemaker PA Receipt number: 0329834 Dated: 2/17/2009 Amount: $58.00 (Check) For: Society of Jesus Oregon Province (defendant) |
| 02/13/2009 | Defendant: Society of Jesus Oregon Province Attorney Retained William C Tharp |
| 02/19/2009 | Notice Of Appearance--Defendant Roman Catholic Diocese of Boise |
| 02/19/2009 | Roman Catholic Diocese of Boise's Motion to Dismiss |
| 02/19/2009 | Memorandum in Support of Roman Catholic Diocese of Boise's Motion to Dismiss |
| 02/19/2009 | Filing: I7 - All Other Cases Paid by: Cosho Humphrey LLP Receipt number: 0330064 Dated: 2/19/2009 Amount: $58.00 (Check) For: Roman Catholic Diocese of Boise (defendant) |
| 02/19/2009 | Defendant: Roman Catholic Diocese of Boise Attorney Retained Stanley W Welsh |

*Connection: Public*

# EXHIBIT "B"

LEANDER L. JAMES
JAMES, VERNON & WEEKS, P.A.
Attorneys at Law
1626 Lincoln Way
Coeur d'Alene, ID 83814
Telephone: (208) 667-0683
FAX: (208) 664-1684
Leander L. James, ISB#4800
E-mail: ljames@jvwlaw.net

ANDREW CHASAN
TIMOTHY WALTON
CHASAN & WALTON, L.L.C.
1459 Tyrell Ln.,
Boise, Idaho 83701
Telephone: (208) 345-3760
FAX: (208) 345-0288
Andrew Chasan ISB #2100
E-mail: andrew.chasan@chasanwalton.com
Timothy Walton ISB #2170
E-mail: tim.walton@chasanwalton.com

MIKE PFAU
Pfau Cochran Vertetis Kosnoff, PLLC
Columbia Tower
701 Fifth Ave., Ste. 4750
Seattle, WA 98104
Telephone: (206) 462-4334
FAX: (206) 623-3624
E-mail: michael@pcvklaw.com
Pro Hac Vice Application Pending

TIM KOSNOFF
Pfau Cochran Vertetis Kosnoff, PLLC
Columbia Tower
701 Fifth Ave., Ste. 4750
Seattle, WA 98104
Telephone: (206) 462-4334
FAX: (206) 623-3624
E-mail: tim@pcvklaw.com
Pro Hac Vice Application Pending

FILED
2009 JAN 20 PM 11 57
PATTY A. WEEKS
CLERK OF THE DIST. COURT
KATHY ROGERS
DEPUTY

COMPLAINT AND DEMAND FOR JURY TRIAL -1

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| MIA SONNECK, ALBERTA SENA, and DOROTHEA SKALICKY,<br><br>Plaintiffs,<br><br>vs.<br><br>SOCIETY OF JESUS, OREGON PROVINCE; ROMAN CATHOLIC DIOCESE OF BOISE a/k/a THE CATHOLIC BISHOP OF BOISE, IDAHO,<br><br>Defendants. | CV09-00156<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Category A-1<br>$88.00 |

COME NOW the above-named Plaintiffs by and through their attorneys of record, LEANDER L. JAMES of the law firm JAMES, VERNON & WEEKS, P.A., and ANDREW CHASAN and TIMOTHY WALTON of the law firm CHASAN AND WALTON, L.L.C., and for causes of action against the above-named defendants, complain and allege as follows:

## I.

## IDENTITY OF THE PARTIES,

## JURISDICTION AND VENUE

1.1. <u>Plaintiff MIA SONNECK</u>: Plaintiff MIA SONNECK (also referred to herein as "Mia") is an adult woman who was subjected to child sexual abuse and other harm while a child as a direct and proximate result of each defendant's wrongful conduct. Exhibit 1 attached hereto is a picture of Mia taken around the time that the perpetrator,

COMPLAINT AND DEMAND FOR JURY TRIAL -2

defendants' agent, violated and harmed Mia. Mia is a resident of Nez Perce County, State of Idaho.

1.2. Plaintiff ALBERTA SENA: Plaintiff ALBERTA SENA (also referred to herein as "Alberta") is an adult woman who was subjected to child sexual abuse and other harm while a child as a direct and proximate result of each defendant's wrongful conduct. Alberta is a resident of Nez Perce County, State of Idaho.

1.3. Plaintiff DOROTHEA SKALICKY: Plaintiff DOROTHEA SKALICKY (also referred to herein as "Dorothea") is an adult woman who was subjected to child sexual abuse and other harm while a child as a direct and proximate result of each defendant's wrongful conduct. Dorothea is a resident of Nez Perce County, State of Idaho.

1.4. ROMAN CATHOLIC DIOCESE OF BOISE a/k/a THE CATHOLIC BISHOP OF BOISE, IDAHO: At all times material hereto Defendant ROMAN CATHOLIC DIOCESE OF BOISE (referenced herein as "Diocese" or "Defendant Diocese") has been an Idaho corporation. Said Defendant is also known as THE CATHOLIC BISHOP OF BOISE, IDAHO. The Diocese has previously been known as "The Roman Catholic Diocese of Boise City, Idaho." Defendant Diocese may be served with process through its registered agent, Michael P. Driscoll, 1501 S. Federal Way, Boise, Idaho 83704. At all times material hereto said corporation was acting by and through its agents, specifically including the perpetrator identified herein as FATHER A. J. FERRETTI or "Father Freddy." Said corporation was formed to purchase, acquire and hold real and personal property, for religious, educational and charitable purposes within the state of Idaho. Upon information and belief, the Diocese owns the Catholic parish

COMPLAINT AND DEMAND FOR JURY TRIAL -3

where the alleged sexual abuse occurred. ROMAN CATHOLIC DIOCESE OF BOISE has, from 1877 to the present, administered and managed the Indian Mission Parish of Sacred Heart/Nez Perce Mission (Nez Perce), Lapwai, Nez Perce Reservation, Idaho, the subject premises and Parish where the sexual abuse referenced herein occurred; ROMAN CATHOLIC DIOCESE OF BOISE has, at all times material hereto, owned and controlled the premises and parish where FATHER A. J. FERRETTI sexually abused the Plaintiffs as set forth herein.

1.5.   Defendant SOCIETY OF JESUS, OREGON PROVINCE:  At all times material hereto Defendant SOCIETY OF JESUS, OREGON PROVINCE has been a legal entity with regular and systematic contacts with the State of Idaho and avails itself of the benefits and protections of the laws of the State of Idaho. Said Defendant may be served with process through its registered agent CT Corporation System, 1111 W. Jefferson, Suite 530, Boise, Idaho 83702. At all times material hereto said entity was acting by and through its agents, specifically including the perpetrator identified herein as FATHER A. J. FERRETTI. At times material hereto, Defendant SOCIETY OF JESUS committed torts in the State of Idaho that directly and proximately caused damages to each plaintiff.

1.6.   RELATIONSHIP BETWEEN DEFENDANTS:  The exact relationship between the defendants is not fully known; however, Plaintiffs allege that each defendant was acting within the course and scope of its agency, servitude, joint venture, partnership or other legal relationship with its co-defendant, such that each defendant is jointly and severally liable for its co-defendant's acts and omissions as alleged herein.

1.7.    <u>Jurisdiction and Venue:</u> Jurisdiction and venue over this matter, upon the filing of this Complaint, rests with the Idaho State District Court, Nez Perce County, by virtue of Idaho Code §5-514 and Idaho Code §5-404.

## II.

## GENERAL ALLEGATIONS

2.1.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth herein.

2.2.    At all times material hereto each plaintiff, as a child, was under the care, custody, protection and/or responsibility of each defendant.

2.3.    At all times material hereto, A. J. FERRETTI, also known as "A. J. Ferreti" and "Father Freddy" (hereinafter "FERRETTI") has been a child predator of the worst kind, and upon information and belief each defendant knew or reasonably should have known this. At all times material hereto, FERRETTI was an adult male who, under the shielding cover and protection of his clerical agency with each defendant, preyed upon vulnerable children, specifically including plaintiffs.

2.4. At all times material hereto FERRETTI was each defendant's agent residing and operating in and around Lapwai, Idaho. Upon information and belief, each defendant had knowingly placed FERRETTI in this rural and relatively remote location, intentionally exposing him to children who, by their trusting and innocent nature, are vulnerable to manipulation and exploitation. Upon information and belief, each defendant's expressed purposes for exposing FERRETTI to said children included evangelizing, preaching and providing religious guidance and teaching. Upon information and belief, however, each defendant knew or should have known that

COMPLAINT AND DEMAND FOR JURY TRIAL -5

FERRETTI would use his clerical cloak as a cover for the sinister and perverted purposes of grooming and sexually exploiting said vulnerable children, including plaintiffs.

2.5. At all times material hereto, specifically including the times of each plaintiff's childhood, each defendant, on its own behalf, and by and through its agent, FERRETTI, acted under circumstances or conditions likely to produce great bodily harm to Mia, Alberta, Dorothea and other children, willfully caused or permitted Mia, Alberta, Dorothea and other children to suffer unjustifiable physical pain or mental suffering, or while having the care or custody of Mia, Alberta and Dorothea willfully caused or permitted each plaintiff or the health of each plaintiff to be injured, or willfully caused or permitted each plaintiff to be placed in such situation that her person or health was endangered.

2.6. At all times material hereto each defendant protected FERRETTI from being exposed for his pedophilia and other wrongful conduct with minors, including each plaintiff, and enabled him to continue to harm each plaintiff and other children.

2.7. On or about the year 1973, and continuing thereafter, FERRETTI engaged in child sexual abuse of Mia, likely including the year of 1974 when FERRETTI baptized her.

2.8. Said abuse of Mia continued during times that FERRETTI, on behalf of each defendant, was providing marital, family or religious counseling to Mia's parents, Mia and Mia's siblings. FERRETTI removed Mia from the protection of her parents under the pretext of giving Mia's parents time alone, using this pretext for the purposes of isolating and sexually abusing Mia.

COMPLAINT AND DEMAND FOR JURY TRIAL -6

2.9.  Said abuse of Mia included, but was not limited to, violent vaginal penetration that resulted in bleeding. At times, FERRETTI perpetrated acts of sexual abuse on Mia in the presence of another child or other children. FERRETTI, known as "Father Freddy" to the children, had a particular and obscene practice of raping Mia by bouncing her violently on his lap; at times FERRETTI would go into a trance-like, deep-throated, almost possessed state during the act, only to return to a sing-song, priestly tone when he was finished.

2.10. Said abuse of Dorothea occurred when she was approximately six or seven years old, while her family attended the subject parish in Lapwai, Idaho. Dorothea and her family lived across the street from the parish church and FERRETTI. FERRETTI lured Dorothea to the church premises, under the pretense of inviting her to "play" at the church, for the purpose of sexually abusing Dorothea. FERRETTI sexually abused her on the church premises. FERRETTI's sexual abuse included, but was not limited to, sitting Dorothea on his lap and fondling her genitalia.

2.11. Said abuse of Alberta occurred when she was a child at the subject parish in Lapwai, Idaho. FERRETTI lured Alberta to the church on various occasions for the purpose of sexually abusing Alberta. Father Ferretti's sexual abuse included, but was not limited to, sitting Alberta on his lap and fondling her genitalia.

2.12. At all times material hereto each defendant represented to plaintiffs, their parents, and the general public, that each defendant provided a safe, religious, wholesome and protected environment for children.

2.13. Each defendant promoted services and programs under the representation that it provided a safe, wholesome and protected environment for children, all the while

COMPLAINT AND DEMAND FOR JURY TRIAL -7

knowing that each defendant attracted, harbored, and had been infiltrated by child predators, including FERRETTI.

2.14. FERRETTI's perverted acts and profanation of children in his care were part of a now well-documented history of widespread sexual contact between certain Catholic priests and children. Said conduct, so tragically common, persistent and well-known to hierarchical clergy throughout the world-wide Catholic church in general, and each defendant in particular, that said acts were either of a kind and nature characteristically associated with the activities of certain agents of each defendant, or were so widely tolerated and even hidden by each defendant's hierarchical clergy, that said acts were perpetrated in the course and scope of said clergies' agency or each defendants' ratification through malignant acquiescence.

2.15. Upon information and belief each defendant knew or should have known that Indian children in particular were vulnerable to the grooming, manipulation, sexual exploitation and perverted profanation referenced herein by individuals such as FERRETTI; each defendant knew or should have known that sending FERRETTI to a remote and unsupervised outpost amidst these particularly vulnerable children created a high degree of risk, indeed even likelihood, that said vulnerable and trusting children, including plaintiffs, would fall victim to FERRETTI's exploitive and sinister nature.

2.16. At all times material hereto, each defendant is alleged to have engaged in grossly negligent, reckless, willful, wanton, malicious and/or outrageous conduct that directly and proximately caused damages to each plaintiff.

2.17. At all times material hereto, each defendant engaged in the ultra hazardous activity of exposing plaintiffs and other children to extreme risks of harm at the hands of a pedophile; and each defendant is strictly liable therefore.

2.18. At all times material hereto, each defendant had a practice and pattern of harboring child abusers, including FERRETTI, and protecting their identities, thereby exposing unwitting parents and their children to further harm at the hand of said abusers.

2.19. Each plaintiff's cause of action accrued after July 2007. Each plaintiff discovered the acts, abuse and/or exploitation and its causal relationship to an injury or condition suffered by her after July 1, 2007.

## III.

## STATUTORY VIOLATIONS IN CONTRAVENTION OF
## IDAHO'S STATED PUBLIC POLICY TO PROTECT CHILDREN

3.1. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth herein.

3.2. With respect to each plaintiff, each defendant violated Idaho State Statutes and regulations, including but not limited to Idaho Code §6-1701 et seq. (Tort Actions in Child Abuse Cases, et seq.) and §18-1501 (Injury to Children). At all times material hereto, each defendant had certain duties imposed upon it by statutes and regulations which it then and there owed to each plaintiff and other children; and each defendant did breach said duties by, inter alia:

 3.2.A. FERRETTI's sexual abuse of Mia, Alberta and Dorothea as a child as defined in section 18-1506, Idaho Code;

COMPLAINT AND DEMAND FOR JURY TRIAL -9

3.2.B. Injury of Mia, Alberta and Dorothea while a child as defined in section 18-1501, Idaho Code;

3.2.C. Acting under circumstances or conditions likely to produce great bodily harm to Mia, Alberta, Dorothea and other children; and/or

3.2.D. Willfully causing or permitting Mia, Alberta, Dorothea and other children to suffer unjustifiable physical pain or mental suffering, or while having the care or custody of each plaintiff willfully causing or permitting each plaintiff or the health of each plaintiff to be injured, or willfully causing or permitting each plaintiff to be placed in such situation that her person or health was endangered.

3.3. Each defendant's breaches of duty to each plaintiff directly and proximately caused life-long, ongoing, and profound damages to each plaintiff as further alleged herein.

## IV.

## CAUSATION AND DAMAGES

4.1. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth herein.

4.2. As a direct and proximate result of each defendant's acts, omissions, negligence, gross negligence, willful conduct, wanton conduct, malicious conduct, outrageous conduct, recklessness, statutory violations and/or strict liability, each plaintiff was tragically, seriously and permanently injured and damaged. Although supportive remedies have been resorted to, said injuries prevail and will continue to prevail for an indefinite time into the future. It is impossible at this time to fix the full nature, extent,

severity and duration of said injuries, but they are alleged to be permanent, progressive and disabling. Each plaintiff has incurred and will likely continue to incur damages. These damages include both severe physical and emotional injury. These damages include special and general damages to be proved at the time of trial, in an amount now unknown. Each plaintiff's claimed damages specifically include all damages allowed by statute, including but not limited to those allowed by Idaho Code §6-1703. Each plaintiff discovered the acts, abuse and/or exploitation and its causal relationship to an injury or condition suffered by her after July 1, 2007.

## PRAYER FOR RELIEF

WHEREFORE,

Plaintiffs MIA SONNECK, ALBERTA SENA, and DOROTHEA SKALICKY each pray for judgment against each defendant in an amount in excess of $10,000.00, the jurisdictional limit, as will sufficiently compensate each Plaintiff for damages received, along with reasonable costs, interest, attorney fees (specifically including but not limited to attorney's fees allowed pursuant to Idaho Code §6-1703) and such other relief as the Court may deem appropriate. Plaintiffs specifically reserve their right to amend this Complaint to assert additional claims, including claims for punitive damages.

DATED this 20th day of January 2009.

JAMES, VERNON & WEEKS, P.A.

By: Leander L. James, ISB#4800
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL -11

CHASAN AND WALTON, L.L.C.

*for*    By: Andrew Chasan, ISB#2100
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL -12

## DEMAND FOR JURY TRIAL

COMES NOW the above-named Plaintiffs by and through their attorneys of record, LEANDER L. JAMES of the law firm JAMES, VERNON & WEEKS, P.A., and ANDREW CHASAN and TIMOTHY WALTON of the law firm CHASAN AND WALTON, L.L.C., and does hereby demand a trial by jury on all issues herein pursuant to the Idaho Rules of Civil Procedure.

Dated: this 20th day of January, 2009.

JAMES, VERNON & WEEKS, P.A.

By: Leander L. James, ISB#4800
Attorneys for Plaintiff


CHASAN AND WALTON, L.L.C.

By: Andrew Chasan, ISB#2100
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL -13

